## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MARIO BERRY and GLENN SMITH,** § <br> **on behalf of himself and others similarly-** § <br> **situated** § <br>       **Plaintiffs,** § <br> **v.** § <br>             § <br> **BEST TRANSPORTATION, INC. d/b/a** § <br> **BEST TRANSPORTATION OF ST.** § <br> **LOUIS and KIM GARNER, DEBORAH** § <br> **RUDAWSKY, Individually** § <br>       **Defendants.** § <br>             § | **Civil Action No. 4:16-cv-00473** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Mario Berry and Glenn Smith, on behalf of himself and others similarly-situated brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA and the Missouri wage statutes by paying non-exempt employees straight time for overtime hours thereby failing to pay those workers at time-and-one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.

## II.    PARTIES

3. Plaintiff Mario Berry ("Plaintiff" or "Berry") is an individual who was employed by Defendants within the meaning of the FLSA. He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4. Plaintiff Glenn Smith ("Plaintiff" or "Smith") is an individual who was employed by Defendants within the meaning of the FLSA. He hereby consents to be a party in this action and his consent form is attached as "Exhibit B."

5. The Plaintiffs and Class Members are Defendants' current and former hourly-paid drivers who work or who have worked for Defendants as employees within this Judicial District.

6. Defendant Best Transportation, Inc. which does business as Best Transportation of St. Louis ("Defendant" or "Best Transportation"), is a corporation authorized to do business, and that actually does business, in the State of Missouri. Defendant can be served through its registered agent, Deborah Rudawsky, at 8531 Page Avenue, Suite 160, St. Louis, MO 63114, or wherever she may be found.

7. Defendant Kim Garner is an individual who may be served at 8531 Page Avenue, Suite 160, St. Louis, MO 63114, or wherever she may be found.

8. Defendant Deborah Rudawsky is an individual who may be served at 8531 Page Avenue, Suite 160, St. Louis, MO 63114, or wherever she may be found.

## III.    JURISDICTION AND VENUE

9. This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.

10.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to: (1) 28 U.S.C. §1332(a) because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

11.     Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this District and pursuant to 28 U.S.C. §1391(b) and (c).

## IV.     COVERAGE

12.     At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the Class Members.

13.     At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16.     At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     GENERAL FACTUAL ALLEGATIONS

17.     Defendants own and operate a transportation company. Defendants do more than $500,000.00 per year in business.

18.     Defendants Kim Garner and Deborah Rudawsky are Co-Owners, Directors, and Supervisors of Defendant Best Transportation.  They set the pay plan and schedule that resulted in the violations at issue in this lawsuit.  At all times relevant, they possessed the power to hire and fire Plaintiffs and Class Members.  And, they received constant complaints about their unlawful pay plan but willfully chose to continue the improper scheme rather than redress Class Members' concerns.

19.     Defendants describe themselves as a "limo company."  Defendants Garner and Rudawsky explain on Best Transportation's website, http://www.besttransportation.com, that Defendant Best Transportation is not a taxi cab business.

20.     On or about May 2013, and during the six years prior to the filing of this Complaint, Plaintiff Berry became employed by Defendants as an hourly-paid driver.

21.     On or about June 2014, and during the six years prior to the filing of this Complaint, Plaintiff Smith became employed by Defendants as an hourly-paid driver.

22.     During this time and in this capacity, Plaintiffs were employed by Defendants as hourly-paid, non-exempt workers.

23.     Plaintiffs were paid on an hourly basis; however, they were not properly compensated for hours worked in excess of 40 in a workweek.  Plaintiffs were regularly scheduled to work 40 or more hours in a week for Defendants and routinely worked in excess of 40 hours per week, but was not paid time-and-one-half his regular rate of pay for those hours.  Instead, Plaintiffs were paid at the same hourly rate for all hours worked.

24. Defendants knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs. Defendants were aware of their legal obligation to pay overtime and failed to do so. Defendants repeatedly received complaints that their pay scheme was improper and chose not to bring their pay plan into compliance with the FLSA.

## VI.   COLLECTIVE AND CLASS ACTION ALLEGATIONS

25. Plaintiffs bring Count 1, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), which may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26. Plaintiffs seek relief on a collective basis challenging Defendants' practice or pay plan that failed to pay Plaintiffs time-and-a-half of their regular rates of pay for hours worked in excess of 40 in a work week. The Class Members regularly worked more than 40 hours in a workweek but did not receive overtime pay. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

27. Furthermore, Plaintiffs bring Counts 2 and 3 as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and as representatives for other hourly-paid employees for whom Defendants also paid just a straight time wage for all hours worked, rather than at lawful time and a half rates for overtime hours.

28. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

29. There are common questions of fact and law as to the class which predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

   a. Whether Plaintiffs and all similarly situated individuals are compensated at lawful overtime rates for their overtime hours worked;

   b. Whether Defendants' compensation policy and practice accounts for the time Plaintiff and all similarly situated individuals are actually working;

   c. Whether Defendants' policy violates Missouri state wage and hour laws; and

   d. Whether Defendants willfully violated state and federal wage and hour law.

30. The questions set forth above predominate over any questions that affect individual persons, and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

31. The Class Representatives' claims are typical of those of the class, in that class members have been employed in the same or similar positions as the named Class Representatives and were subject to the same or similar unlawful practices as the named Class Representatives.

32. A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members could create inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

33. The Class Representatives are adequate representatives of the class because they are a member of the class and their interests do not conflict with the interests of the other members of the class he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by the Class Representatives and the undersigned counsel, who have

extensive experience prosecuting complex wage and hour, employment and class action litigation.

34. Maintenance of these claims as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

35. Defendants' failure to pay overtime compensation at the rates required by the FLSA and Missouri state wage laws results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experiences are typical of the experience of the Class Members. Although Defendants identify Class Members as "drivers" and requires them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

36. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Class Members.

## VII.   CAUSE OF ACTION COUNT 1:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37.   During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

## VIII.   CAUSE OF ACTION COUNT 2:  FAILURE TO PAY WAGES IN ACCORDANCE WITH MO. REV. STAT. § 290.500, *et. seq.*

38.   Plaintiffs incorporate and re-alleges each of the foregoing paragraphs as if fully set forth herein.

39.   Plaintiffs and the class were non-exempt employees as defined and recognized under the Missouri wage statutes.

40.   The Missouri wage laws require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

41.   Defendants violated the Missouri wage laws in that each of the hourly-paid workers represented in this lawsuit were only paid their regular rate of pay for their overtime hours, those worked in excess of forty hours in a work week. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

42.   These employees are, therefore, similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fails to lawfully compensate them.

43. This lawsuit is brought and maintained as a class action for all state law claims asserted by the Plaintiffs because their claims are similar to the claims of the class members.

44. The names and addresses of the class members are available from Defendants. Defendants failed to compensate Plaintiffs and the class members at the proper rate of pay, and therefore, Defendants have violated, and continue to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.*

45. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek damages in the amount of all respective unpaid overtime compensate, plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws and such other legal and equitable relief as the Court deems just and proper.

46. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

## IX. CAUSE OF ACTION COUNT 3:  QUANTUM MERUIT/UNJUST ENRICHMENT

47. Plaintiffs re-allege and incorporate by reference each and every allegation and averment set forth in the previous paragraphs as though fully set forth herein.

48. Defendants have been and are being unjustly enriched by making deficient payments for work performed by Plaintiffs and other similarly situated employees.  Defendants have been and are being enriched at the expense of Plaintiffs and other similarly situated employees because Plaintiffs and others were not properly compensated for their work.

49. Defendants intentionally refused to pay Plaintiffs and other similarly situated employees at the proper rate for all hours worked.  Defendants know or should know the proper rate of pay for Plaintiffs and other similarly situated employees.  Such wrongful conduct demonstrates bad faith on the part of Defendants.

50.     It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

## X. RELIEF SOUGHT

51.     WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

    a.     For an Order finding Defendants liable for unpaid back wages due to Plaintiff (and similarly situated employees) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b.     For an Order awarding Plaintiff (and similarly situated employees) the costs of this action;

    c.     For an Order awarding Plaintiff (and similarly situated employees) attorneys' fees and costs;

    d.     For an Order awarding Plaintiff (and similarly situated employees) pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.     For an Order designating this actions as an action on behalf of the proposed class members and prompt issuance of notice to all class members, apprising them of the pendency of this action;

    f.     For an Order designating Plaintiffs as Representative Plaintiffs, acting for and on behalf of the class members;

    g.     A declaratory judgment that the practices complained herein are unlawful and an injunction against the same; and

    h.     For an Order granting such other and further relief as may be necessary and appropriate.

                                                          Respectfully submitted,

    /s/ *J. Forester*_____

**J. DEREK BRAZIEL\*\***
Texas Bar No. 00793380
**J. FORESTER\***
ED MO No. 24087532T
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com
*\*Admitted to practice in this Court pro hac vice*
*\*\*Application for admission pro hac vice has been submitted*

**ATTORNEYS FOR PLAINTIFF**