UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO BERRY and GLENN SMITH, on behalf of themselves and others similarly-situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BEST TRANSPORTATION, INC., d/b/a BEST TRANSPORTATION OF ST. LOUIS, et al. <br><br> Defendants. | Case No. 4:16-cv-00473-JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Quash Subpoena filed by the Custodian of Records of the Missouri Department of Labor and Industrial Relations ("DOLIR") (Doc. 81). In its Motion, DOLIR asks the Court to quash a May 1, 2017 subpoena in which Plaintiff Mario Berry seeks production of "[d]ocuments in reference to [Defendants] for airport shuttle driver employees, including any information/documents that purpor[t] to show the company's shuttle drivers are exempt from MO Minimum Wage Law/FLSA overtime protections (e.g., emails from 3/26/12 to 3/28/12 Kurt Klinghammer)" (Id.). In support of its Motion, DOLIR cites to Mo. Rev. Stat. § 290.520, which, as relevant, provides that "[a]ll records and information obtained by [DOLIR] are confidential and shall be disclosed only on order of a court of competent jurisdiction." (Id. at 1-2).

Plaintiff opposes the Motion, arguing that DOLIR failed to confer with Plaintiff's counsel before filing the instant motion, in violation of the Court's local rules; that DOLIR has failed to provide a privilege log, also in violation of the local rules; and that § 290.520, a state privilege

law, is not controlling in this case, which was brought in federal court and which seeks relief under federal law, i.e., the Fair Labor Standards Act ("FLSA") (Doc. 82).

Federal Rule of Evidence 501 supplies the general rule regarding the treatment of privilege by federal courts: "the common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege" unless the United States Constitution, a federal statute, or Supreme Court rule provides otherwise. State privileges are honored in federal litigation only when state law supplies the rule of decision. Fed. R. Evid. 501; Schembre v. AGR Const. Co., No. 4:06-CV-943-CEJ, 2007 WL 3268443, at *2 (E.D. Mo. Nov. 2, 2007); see EEOC v. Illinois Dep't of Emp't Sec., 995 F.2d 106, 107 (7th Cir. 1993) (reversing district court's refusal to enforce EEOC subpoena based upon state statute); see also King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (listing cases). But cf. Am. Civil Liberties Union of Miss., Inc. v. Finch, 638 F.2d 1336, 1342-45 (5th Cir. 1981) (discussing factors federal courts should consider when deciding whether a state privilege law is sufficiently compelling, as a matter of federal common law, to apply to federal litigation).

The Court will deny the Motion to Quash, as the Court is not persuaded that § 290.520 should apply in this case. Plaintiff filed this case in federal court, and he seeks relief under the FLSA, a federal statute (Docs. 37, 50); thus, the federal common law governs this claim of privilege. Other than its assertion of privilege under § 290.520, a state law, DOLIR has offered no argument or citation to relevant authority to support its claim of privilege in this federal proceeding.[1] The Court will thus deny the Motion to Quash. Accordingly,

---

[1] DOLIR's reliance on the Court's decision in Ahrens v. Swinburne & Jackson LLP, No. 4:15-CV-130-JAR, 2016 WL 2756552 (E.D. Mo. May 12, 2016) is malapropos, as that case involved an assertion of privilege under a federal regulation.

**IT IS HEREBY ORDERED** that the Missouri Department of Labor and Industrial Relations' Motion to Quash Subpoena (Doc. 81) is **DENIED**. The Missouri Department of Labor and Industrial Relations shall produce the documents at issue **no later than seven (7) days from the date of this Order**.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

Dated this 30th day of May, 2017.