# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARIO BERRY, ) <br> ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BEST TRANSPORTATION, INC., d/b/a ) <br> BEST TRANSPORTATION OF ) <br> ST. LOUIS, et al., ) <br> ) <br>     Defendants. ) | Case No. 4:16-cv-00473-JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion for Settlement. (Doc. 163.)

### Background

On April 6, 2016, Plaintiff Mario Berry filed suit against Defendants on behalf of himself and others similarly situated, alleging that they had failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19. (Doc. 1.) The parties conducted an initial phase of discovery on the issue of whether Berry and those similarly situated were exempt from overtime protection under the so-called "Motor Carrier Act" ("MCA") exemption to the FLSA. (Doc. 75); 29 U.S.C. § 213(b)(1).

Thereafter, the Court granted summary judgment to Defendants as to the claims of Named Plaintiffs Everett Scott and Robert Baker but denied summary judgment as to the claims of Berry. (Docs. 137, 149.) Later, Berry and Defendants reached a settlement. (Doc. 155.)

1

Because Berry brought claims under the FLSA, this Court must approve of the settlement. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981).

**Approval**

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id*.

This Court has duly considered all of the submissions presented with respect to the proposed settlement and finds that the parties' proposal is a fair and equitable resolution of a bona fide dispute. For the reasons set forth in the parties' supporting documentation, this Court finds the proposed settlement is in the best interests of the members of the proposed collective in light of the benefits to the collective accruing therefrom, the substantial discovery and investigation conducted by counsel prior to the proposed settlement, and the complexity, expense, risks and probable protracted duration of further litigation including any appeal.

The Court has reviewed the terms and conditions of the parties' proposed settlement, including the individual settlement amounts and attorneys' fees. Based on these terms and conditions, and the Court's familiarity with this case, the Court finds that the proposed settlement is the result of arms-length negotiations between the parties after counsel had fully investigated the claims, including the strengths and weaknesses of Plaintiffs' claims, after the Court ruled on

their respective motions for summary judgment.  Based on all these factors, the Court finds that the proposed settlement has no obvious defects and is within the range of possible settlement approval such that notice and payment to the FLSA collective as set forth in the proposed settlement is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** This matter is before the Court on the parties' Joint Motion for Settlement (Doc. 163), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants are **DISMISSED with prejudice**.

Dated this 31st day of January, 2020.

                                                        _____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE